NO. 07-09-0209-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 JULY 21, 2010

 EUGENE THOMAS,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NO. 57,836-A; HONORABLE HAL MINER, PRESIDING

 Anders Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Eugene Thomas was convicted, after a jury trial, of the felony
offense of driving while intoxicated. His punishment was enhanced by a
prior conviction, and he was sentenced to confinement for nine years.
 Appellant's appointed counsel has filed a motion to withdraw,
together with an Anders brief,[1] wherein he certifies that, after
diligently searching the record, he has concluded that appellant's appeal
is without merit. Along with his brief, he has filed a copy of a letter
sent to appellant informing him of counsel's belief that there was no
reversible error and of appellant's right to file a brief or response pro
se. By letter dated January 8, 2010, this court also notified appellant of
his right to file his own response by February 8, 2010, if he wished to do
so. Appellant timely filed a response in which he alleged that his trial
counsel was ineffective for not letting him testify at trial[2] and in
failing to object to testimony of the State's main witness.
 In compliance with the principles enunciated in Anders, appellate
counsel discussed several potential areas for appeal. They include: 1)
the factual sufficiency of the evidence to support the conviction, 2) the
effectiveness of trial counsel, 3) the excessiveness of appellant's
punishment, and 4) possible error in the admission of a trial exhibit.
However, counsel discussed the applicable law and represented that he
analyzed the facts of this case within the context of that law and
determined that no reversible error existed.
 We have also conducted our own review of the record to assess the
accuracy of appellate counsel's conclusions and to uncover any reversible
error pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991),
along with appellant's response, and concluded the same.

 Accordingly, the motion to withdraw is granted and the judgment is
affirmed.[3]

 Brian Quinn
 Chief Justice
Do not publish.
-----------------------
 [1]See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).

 [2]Appellant testified at trial, outside the presence of the jury,
that he had discussed with his counsel whether he should testify and that
he (appellant) felt like "it's best for me not to testify."

 [3]Appellant has the right to file a pro se petition for discretionary
review from this opinion.